## State v. Daniel Mace.

Upon an indictment for keeping the nuisance of a cockpit, an entry on the cash-book of a gas company, crediting a sum of money as paid by the defendant for gas furnished to him at the cockpit, held admissible to pass to the jury, to prove that the defendant kept the pit at the time referred to in the entry, although verified only by proof that the entry was in the handwriting of the former cash-keeper of the company, and was made in the regular course of business; it being also proved that the cash-keeper was absent from the state, and in parts unknown.

INDICTMENT against the defendant for keeping at Providence, for gain, a certain disorderly house, called "the Empire Saloon," resorted to by persons of ill-fame and dishonest connection, for cockfighting and misbehaving themselves, to the common nuisance of the good citizens of the state.

At the trial of the indictment before *Shearman*, Justice, with a jury, at the December term of the court of common pleas for the county of Providence, 1858, amongst other evidence offered on the part of the state, to prove that the defendant was the keeper of said house at the time laid in the indictment, was the cash-book of the City Gas Company, containing an entry crediting the defendant with $3.90 paid by him at said time for gas used in the Empire Saloon, with the evidence of the

superintendent of the metre department of the company, that the book was the cash-book of the company, and that the entries therein were made by one Thomas F. Vaughn, a former clerk and book-keeper of the company, who had then recently left the state, and was in parts unknown. This evidence was, notwithstanding the objection of the defendant, suffered for the above purpose to pass to the jury, together with testimony on the part of the defendant, that in a former trial of the indictment, said Vaughn swore that said sum of $3.90 was paid to him by another person than the defendant. The court charged the jury, that the entry was, at best, evidence of the very lightest character, and would have been entitled, in any event, to but little weight; but that, taken in connection with the testimony of Vaughn, no inference whatever could be drawn from it, and the jury should give it but little, if any, consideration. The jury, having returned a verdict of guilty against the defendant, who had duly excepted to the admission of said cash-book as evidence against him, he now brought his exception to this court for the correction of the error charged therein.

*Thurston & Ripley*, for the defendant : —

The court erred in permitting the book containing the entry in question to go to the jury as competent evidence, tending to prove the allegation in the indictment, that the defendant was the proprietor of premises on Orange Street, called the Empire Saloon.

The material point upon which the defendant relied for an acquittal was, that he was not, during the time named in the indictment, the proprietor of the place. With the exception of the piece of evidence which is objected to, no testimony of any weight bearing upon that question was offered by the government before closing the case, and had not the book been admitted, it is doubtful if the counsel of the defendant would have deemed it necessary to produce any witnesses upon the question.

By permitting entries in the books of third persons, with which the defendant is not shown to be connected, to affect the

State *v.* Mace.

defendant in a criminal proceeding, he is deprived of the benefit of that provision of the constitution which permits him to be confronted with the witnesses against him.

The proof was offered as tending to show that the defendant was the proprietor of the place charged as a nuisance. The jury were asked from this to draw an inference from an inference—1st, to infer, that the entry, " Dan Mace," related to the defendant ; and 2d, to infer, that the payment was on account of the Empire Saloon.

Had the evidence been offered in a civil suit *between the Providence Gas Company and the defendant*, the books would have been inadmissible. *White* (Rec'r) v. *Ambler*, 4 Selden, 170 ; *Brewster* v. *Doane*, 2 Hill, 537 ; *Union Bank* v. *Knapp*, 3 Pick. 97 ; *Wilbur* v. *Selden*, 6 Cowen, 162 ; *Merril* v. *Ithaca & Owego R. R. Co.* 16 Wend. 595 ; *Glover* v. *Hunnewell*, 6 Pick. 222.

*J. B. Kimball*, attorney-general, for the state : —

1st. It is well settled in England, and in this country, that entries, made by third persons in the regular course of their business, are admissible as original evidence of the transaction of which such entries formed part of the res gestæ. *Price* v. *Torrington*, 1 Smith's Leading Cases, 139 ; *Higham* v. *Ridgway*, 10 East, 328 ; *Doe* v. *Turford*, 3 Barn. & Adol. 890 ; *Digby* v. *Stedman*, 1 Esp. 328 ; *Welch* v. *Barrett*, 15 Mass. 380 ; *Nichols* v. *Webb*, 8 Wheaton, 326 ; *Augusta* v. *Windsor*, 1 Appleton, 317. And numerous cases cited in note to *Price* v. *Torrington*, in 1 Smith's Leading Cases.

2d. The fact of the death of the person making such entries is not material to the admissibility of such evidence, although in most of the reported cases the death was proved. The entries were admitted upon the ground of their contemporaneous character, and their being made in the ordinary course of business. See cases above cited, and 1 Greenleaf on Evidence, p. 164, § 120.

3d. Absence of a witness from the state, so that his attendance cannot be procured by the aid of process from the court, has the same effect so far as regards the admissibility of this class of evidence, as the death of such witness. *Elms* v. *Chevis*,

2 McCord, 349; *Alton* v. *Bergham*, 8 Watts, 77; *Sterrett* v. *Bull*, 1 Binney, 234–237; *Crouse et al.* v. *Miller*, 10 Serg. & Rawle, 155; *Union Bank* v. *Knapp*, 3 Pick. 96; *Kinney* v. *Flinn*, 2 R. I. Reports, 319; and 1 Greenleaf on Evidence, above cited.

4th. Whether the entries were admissible or not, they could have had no weight with the jury under the charge of the court, and contradicted. as they were by the sworn statement of Vaughn; and the fact of their being admitted is therefore no ground for new trial. *Handley* v. *Call*, 27 Maine, 35; *Deerfield* v. *Northwood*, 10 N. Hamp. 269; *Prince* v. *Shepard*, 9 Pick. 176.

5th. If the entry was improperly admitted by the court at the time it was offered, it subsequently became admissible to contradict the testimony of Vaughn, whose evidence was offered by counsel independently of the previous admission of this entry, and upon a claim of right. The order in which the testimony was submitted to the jury is not material, upon a motion for new trial, if the court are able to see that all the evidence in the case was admissible at some stage or other of the proof. *Wilson* v. *Bibb*, 1 Dana, 7; *Rucker* v. *Hamilton*, 3 Ib. 36.

*Bosworth*, J. In this cause, evidence was admitted to pass to the jury of a certain entry in a book, being the cash-book of the Providence Gas Company. The purpose of the evidence was, to prove that the defendant paid for gas used at the Empire Saloon in the city of Providence; the question being, whether the defendant was proprietor and manager of the said saloon. The entry was made in the book by one Thomas F. Vaughn, who was alleged to be without the jurisdiction of the court. The testimony was admitted upon proof of the handwriting of said Vaughn, it being admitted that Vaughn was out of the jurisdiction of the court, and in parts unknown.

The general principle, as established by the leading English and American cases, is, that entries made in the regular and usual course of business are admissible in evidence after the death of the person who made them, on proof of his handwriting. In some of the states of this country absence from the state, as far as it affects the admissibility of secondary evidence,

State *v.* Mace.

has the same effect as the death of the witness. In Massachusetts insanity has been held equivalent to death. In New York and Alabama the strict rule is adhered to, that the person who made the entry must be dead to render the entry admissible. The principle as established by the American decisions, on which an entry is admitted as evidence, seems to be, that the acts of men performed in the usual course of business and committed to writing, being under obligation to do the act, and where there is no inducement to misstate facts, may be relied on as evidence of things done as they occur. On this principle, entries made in the regular and usual course of business are admitted as proof, although the person who made them may recollect nothing of the facts, upon his testifying to the authenticity of the entry. It would seem, therefore, if this evidence may be admitted, when the person who made the entry is present to verify the book, the entry being all that constitutes the evidence, if he be dead or absent, secondary proof that it was kept by him is admissible, on the same ground that a subscribing witness to an instrument, being absent, his handwriting may be proved, or a copy of an instrument, when the original is lost, may be offered in proof. All that is necessary to render the entry admissible as evidence, if the witness is living, is, that he shall testify that the entry was made in the regular course of business in his handwriting; and if he be absent or dead, other witnesses may be competent to testify to that.

We think, therefore, that the testimony was properly admitted. Whether, when admitted, the entry amounted to any proof of the fact, to establish which it was introduced, is another question. If it did not, it was irrelevant testimony. It was a mere memorandum of money received to credit of cash, from the defendant. In a subsequent stage of the trial, the defendant put in evidence what the person who made the entry swore to on a former trial, which went to show that the gas bills for the Empire Saloon were not paid by the defendant, but that the money was received from another person. It is contended that the entry in the book is competent testimony in answer to

8 *

this testimony offered by the defendant. We are inclined to think, that the testimony was irrelevant, and, on that ground, ought not to have been admitted. But we do not see how it could affect the verdict of the jury. The judge charged the jury that it was evidence of the very lightest character, and entitled, in any respect, to very little weight, and that in connection with the testimony of Vaughn on the former trial, it was entitled to very little if any consideration, and that no inference whatever could be drawn by the jury from said entry. We think it could not have affected the verdict injuriously to the defendant, and is not a sufficient cause for awarding to him a new trial. The ruling of the judge, in effect, excluded it from the case, as affirmative testimony on the part of the state.